JUDGE LINDSAY
delivered the opinion oe the court.
“An act to change the time for the payment of the revenue into the state treasury, and to amend the revenue laws,” approved March 22, 1871 (1 Session Acts 1871, p. 91), provides that the full amount due from each sheriff or tax-collector shall be payable on the 1st day of April, 1872, and on the first day of said month in each year thereafter. It also provides that “ any person or persons failing to pay their taxes by the 1st day of April in the year following the assessment for such taxes shall pay five per cent additional on the tax so due and unpaid,” and that “ the auditor in his settlement with the sheriff shall charge him with the per cent accruing under the provisions of this act.” To enable the auditor to ascertain the amount of the per cent thus to be charged, and to insure the speedy payment into the treasury of all revenue collected by the sheriffs or tax-collectors, it is made the duty ■ of these officers to report to the auditor, under oath, on the 1st day of October and every sixty days thereafter, the amount of taxes collected, and to pay the same over immediately. The third report in each year is thus made due on the 1st of April, the day upon which the recusant tax-payer becomes bound to account for the additional five per cent. This report discloses to the auditor the amount of taxes in each county remaining uncollected and upon which this five per cent is to be assessed, and enables him to determine the amount to be *703 charged against the sheriff or collector, under the fourth section of the act heretofore quoted in full.
In the account made out against the sheriff of Jackson County he is charged with five per cent upon the whole amount of revenue due from the tax-payers of that county, instead of five per cent upon the amount remaining uncollected on the 1st day of April, 1873; and then upon motion in the Franklin Circuit Court judgment was rendered against him for the sum thus ascertained, with twenty per centum damages thereon. This is an evident error. The law has provided the means by which the auditor may ascertain the amount of uncollected taxes in each county on the 1st day of April in each year succeeding the assessment; and if the sheriff or- collector fails to make the .reports required by the act, he may by proper legal proceedings be compelled to make them. It is not to be presumed that it was contemplated by the legislature that upon the failure of these officers to make these reports a penalty of five per centum upon the amounts due from them to the common-, wealth, instead of the amounts of taxes uncollected on the day named in the act, should be imposed by the auditor, and enforced by the courts by ex parte proceedings, in which the defendants, in case they should appear, are allowed to make no defense, except to deny the execution of the bond or instrument upon which they are sought to be made liable, or to establish payment of the claim asserted against them by the production of a quietus or receipt therefor from the auditor of the state.
It is not necessary to pass upon the objection raised in argument, that the motion in this case was not docketed as required by sec. 2, art. 12, chap. 83, Revised Statutes, and the amendment of February 10, 1869. The sheriff and his sureties by the prosecution of this appeal have made themselves parties to the proceeding, and upon the return of the cause will be regarded as in court for all the purposes of the motion.
*704 For the error in including in the judgment the five per cent on the entire amount of revenue due from the tax-payers of Jackson County and placed in the hands of the sheriff for collection, the same is reversed, and the cause remanded for further proceedings consistent with this opinion.